## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | |
| FISCHER CONNECTORS, INC. | : : | JURY TRIAL DEMAND |
| Defendant. | : : | |
| _____ | : | |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967 (the "ADEA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Diane Nolan ("Nolan") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Fischer Connectors, Inc. ("Defendant") discriminated against Nolan when it terminated her because of her age (67), in violation of the ADEA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section

7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.

§ 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of

the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c)

and 217.

2.     The employment practices alleged to be unlawful were committed

within the jurisdiction of the United States District Court for the Northern District

of Georgia, Atlanta Division.

## **PARTIES**

3.     Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of the ADEA and is expressly

authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as

amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by

Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Defendant has conducted business in the State of

Georgia and has continuously maintained at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the

ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Nolan filed a Charge of Discrimination with the Commission alleging violations of the ADEA by Defendant.

8.     On April 21, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADEA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     On August 12, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Nolan, age 67, was hired by Defendant in 2004 as a Human Resources Manager at Defendant's U.S. headquarters located in Alpharetta, Georgia and was

promoted by Defendant in 2007 to Human Resources Director.

## AGE DISCRIMINATION CLAIM

12.    Since at least July 2020, Defendant has engaged in unlawful employment practices at its Alpharetta, Georgia location, in violation of § 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

13.    In or about 2019, Defendant's new U.S. President began repeatedly asking Nolan questions like: "Why is the workforce so old?" and "What age is mandatory retirement [in the U.S.]?"

14.    In early 2019, Defendant's U.S. President told Nolan that he was instructed by Defendant's CEO to hire a new, younger management team and planned to replace anyone in senior management who was over the age of 55 with a younger person.

15.    Over the next year and a half, Defendant's U.S. President spoke with Nolan on several occasions about his plans to get rid of older employees in management and sales.

16.    In early 2020, Nolan was informed that Defendant was going to hire multiple junior level managers who would replace their older managers and all new hires in management and sales had to be young.

17.    From January to July of 2020, Defendant eliminated from employment

at least five (5) upper management employees, all over the age of 50, and replaced them with substantially younger individuals under slightly different job titles with the same or similar job duties.

18.    On or about July 14, 2020, Nolan was called into the U.S. President's office and terminated.

19.    Defendant's U.S. President told Nolan, "You have done nothing wrong. I am just following orders in building a new, younger team for the CEO."

20.    On or about July 15, 2020, Defendant replaced Nolan with two substantially younger individuals, ages 52 and 32.

21.    Defendant's actions of terminating Nolan are discriminatory and based on her age, and any non-discriminatory reasons proffered by Defendant are pretext for unlawful discrimination.

22.    The effect of the practices complained of above have deprived Nolan of equal employment opportunities and have otherwise adversely affected her status as an employee because of her age.

23.    The unlawful employment practices complained of above were intentional.

24.    The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Nolan's federally protected rights.

25.     As a direct and proximate result of Defendant's unlawful conduct, Nolan suffered actual damages, including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees in the protected age group and/or who engage in a protected activity and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Nolan whole, by providing appropriate back pay in amounts to be determined at trial, front-pay in lieu of reinstatement, and any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.      Order Defendant to make Nolan whole, by providing compensation for

liquidated damages resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney
Georgia Bar No. 231641
lakisha.duckett-zimbabwe@eeoc.gov

/s/ *Veronica Cox*
Veronica Cox
Trial Attorney
Georgia Bar No. 712154

U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
veronica.rogusky@eeoc.gov
404-219-6324 (mobile)
470-531-4837 (office)