## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | 1:22-cv-03884-SCJ - CCB |
| | ) ) | |
| FISCHER CONNECTORS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF DIANE NOLAN TO INTERVENE IN THIS ACTION AND MEMORANDUM IN SUPPORT THEREOF

Diane Nolan files this Motion to Intervene in the above-styled action filed by the Equal Employment Opportunity Commission ("EEOC"), as she is an aggrieved party under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (hereinafter ADEA). This request to intervene is premised on Fed. R. Civ. P. 24(a), the ADEA, and legal precedent.

## I.    STATEMENT OF FACTS

Defendant Fischer Connectors, Inc. (hereinafter "Defendant" or "Fischer Connectors") is a Georgia corporation that is part of a Swiss-headquartered technology company. In 2004, Fischer Connectors hired  Diane Nolan as Human Resources Manager over the Company's U.S. operations headquartered in Alpharetta, Georgia. Ms. Nolan was promoted to Human Resources Director in

2007.   Throughout the course of Ms. Nolan's employment, she was a trusted employee, performed all of her duties well and received no disciplinary action.  Ms. Nolan was summarily terminated on July 14, 2020.  At the time of her termination, Fischer Connector's U.S. President, Alain Lafourcade, told Ms. Nolan, ***"You have done nothing wrong, I am just following the orders of the CEO and building a new, younger team for him.***"

The CEO that Mr. Lafourcade was referencing was Jonathan Brossard. He was appointed CEO of Fischer Connectors in September 2016, at the quite young age of 28. One of the first big decisions Mr. Brossard made was to name Alain Lafourcade, an individual working in Switzerland, to be the President of the U.S. operations.   According to Mr. Lafourcade, Mr. Brossard intended to use him to wholly revamp the U.S. workforce into a younger workforce.

Mr. Lafourcade began working in the U.S. headquarters in Atlanta in January of 2019, and almost immediately started asking Ms. Nolan, the Human Resources Director, about the workforce, including why the workers were so old, what was the mandatory age for retirement in the United States, and similar questions. During their discussions, Mr. Lafourcade explained that in Switzerland there was a mandatory retirement age for all workers. He also admitted that Mr. Brossard had instructed him to hire a new, younger management team, which involved replacing anyone in senior management who was over the age of 55 with a younger worker.

Mr. Lafourcade began by giving Ms. Nolan specific directions about employees that needed to be replaced by younger workers.

Ms. Nolan repeatedly explained to Mr. Lafourcade that in the United States, not only was there no mandatory retirement age, but older workers were protected from discrimination. Nevertheless, Mr. Lafourcade continued to complain that the candidates that Ms. Nolan selected to fill vacant positions were too old, that the older workers needed to be replaced by younger ones and that Ms. Nolan needed to consider only younger workers for available positions, to contact the head-hunters assisting with hiring to request they send younger candidates, and to otherwise discriminate against the older workers. Ms. Nolan steadfastly refused to do so, stating that the ADEA prohibited such conduct and instead gave Mr. Lafourcade and other Swiss managers copies of the age discrimination statute and other information on the laws prohibiting age discrimination.

On July 14, 2020, Ms. Nolan was terminated without any warning whatsoever and told by Mr. Lafourcade that she was terminated because Mr. Lafourcade was simply carrying out the plan of the CEO to replace the oldest managers with a younger management team. At the time, Ms. Nolan was 67 years old. Through the undersigned counsel, Ms. Nolan filed a timely charge of discrimination and retaliation under the ADEA against Fischer Connectors in November 2020. Ms. Nolan, through her counsel, engaged in discussions with

Fischer Connectors counsel throughout the course of the EEOC process.

On September 27, 2022, the EEOC filed the above styled action on behalf of Diane Nolan pursuant to the ADEA against Fischer Connectors to enjoin Defendant from engaging in unlawful employment practices in violation of the ADEA, to obtain a court order directing Defendant to carry out equal employment practices and to award damages to Ms. Nolan. The EEOC did not allege any claim of retaliation on behalf of Ms. Nolan.

Fischer Connectors signed a waiver of service on or about October 7, 2022, agreeing to file an Answer on or before December 6, 2022. Defendant filed its Answer earlier this week, on December 5, 2022. [Docket 3]

## II. ARGUMENT AND CITATION OF AUTHORITIES

Pursuant to Fed. R. Civ. P. 24, Diane Nolan, the aggrieved party on whose behalf the EEOC filed the above-styled case hereby moves to intervene as a party plaintiff either as of right or through permissive intervention in this ADEA action brought by the EEOC against Fischer Connectors. Rule 24 provides for party intervention in federal civil cases. The rule distinguishes between "intervention of right" (Rule 24(a)) and "permissive intervention" (Rule 24(b)).

Rule 24(a) permits an individual to intervene in a timely filed lawsuit as a matter of right under two different circumstances, either where a statute so provides or where the intervenor demonstrates a particular need.   The Rule provides:

> (a) <u>Intervention of Right</u>. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

### A.   <u>DIANE NOLAN IS ENTITLED TO INTERVENTION AS OF RIGHT</u>

Under Rule 24(a), the first way that an individual can intervene in a case as a matter of right is when the statute creating the cause of action under which suit is brought specifically provides such a right. Unlike other civil rights and discrimination statutes, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* does not explicitly provide the same statutory right to intervene as a matter of right in an enforcement action brought by the EEOC.  *See, e.g., 42 U.S.C. § 2000e-5(f)(1).* In ADEA actions, therefore, employees cannot proceed with a Motion to Intervene under Rule 24(a)(1), but  rather,  must establish that they

meet the requirements for intervention under Fed. R. Civ. P. 24 (a)(2) (when the applicant claims an interest in the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest) or else meet the requirements of permissive intervention under Fed. R. Civ. P. 24(b),"when an applicant's claim or defense and the main action have a question of law or fact in common."

The Eleventh Circuit Court of Appeals has interpreted Rule 24(a)(2) to require a party seeking intervention as of right where there is no statutory provision for it to demonstrate that: "(1) her application to intervene is timely; (2) she has an interest relating to the property or transaction which is the subject of the action; (3) she is so situated that disposition of the action, as a practical matter, may impede or impair her ability to protect that interest; and (4) her interest is inadequately represented  by the existing parties to the suit." *Worlds v. Dept. of Health and Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir. 1991) (*citing Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989)). *See also, Stone v. First Union Corp*. 371 F.3d 1305, 1308-1309 (11th Cir. 2004); *Angel Flight of Ga., Inc. v. Angel Flight of Am., Inc.*, 272 F. App'x 817, 819 (11th Cir. 2008). A district court must grant a Rule 24(a)(2) motion if all four prerequisites are satisfied. *Purcell v. BankAtlantic*

*Financial Corp.* 85 F.3d 1508, 1512 (11th Cir. 1996). Here, Plaintiff can satisfy each of these elements.

(1) Diane Nolan's application to intervene here is timely.

The Eleventh Circuit has established four factors to assess the timeliness of a motion for either intervention of right or permissive intervention: (1) the length of time during which the would-be intervenor knew or reasonably should have known of her interest in the case before she petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as she knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if her petition is denied, and (4) the existence of unusual circumstances militating either for or against a determination that an application is timely. *See Huff v. Comm'r of IRS,* 743 F.3d 790, 795-96 (11th Cir. 2014*)* (quoting *Fox v. Tyson Foods, Inc*., 519 F.3d 1298, 1302-03 (11th Cir. 2008)); *Howard v. Stetson*, 782 F.2d 956, 959 (11th Cir. 1986). Consideration of each of these factors leads to the conclusion that Ms. Nolan's Motion to Intervene is timely. Ms. Nolan timely filed the initial charge of discrimination and retaliation with the EEOC in November, 2021. Ms. Nolan, through her attorney, continued to communicate with Defendant Fischer Connectors' counsel. Then the EEOC decided to file suit and did so on October

27, 2022 [Docket 1].   The Complaint was thereafter sent to Defendant Fisher Connectors with a request for waiver of service. The waiver was signed by Fischer Connectors on October 17, and the Defendant's Answer was due to be filed by December 6, 2022.   Ms. Nolan now knows that the lawsuit has been filed and served upon the Defendant, and that Defendant filed its Answer just a few days ago on December 5, 2022.   Ms. Nolan promptly files this Motion to Intervene at the inception of this case. There is no scheduling order in place, and discovery has not yet commenced.   This Motion to Intervene presents no potential delay nor any possibility of prejudice to the adjudication of the rights of the original parties.   Ms. Nolan satisfies the requirement that a motion for intervention be timely filed.   *See EEOC v. Taylor Elec. Co.,* 155 F.R.D.180, 182 (N.D. Ill. 1994) (holding that motion to intervene filed four months after the EEOC commenced the action was timely); *EEOC v. Century I* 142 F.R.D. 494, 495 (D. Kan. 1992) (holding that motion to intervene was timely because it was filed while the case was still in the pretrial stage).   The present motion filed 4 days after the Answer was filed and before any Court deadlines have passed is timely.

    (2) Diane Nolan has an interest relating to the subject of the action.

    This action is brought by the EEOC on account of the termination of Ms. Nolan, a 16+ year employee, as part of a scheme by Fischer Connectors'

management to terminate its older managers and replace them with a younger management team. This scheme was actually verbalized to Ms. Nolan by the President of Defendant Fischer Connectors' North American operations, Mr. Lafourcade.  Ms. Nolan was a casualty of this scheme. She filed a timely charge of discrimination with the EEOC which forms the basis of this lawsuit. Since the federal statute being sued upon by EEOC mandates legal and equitable relief for victims of age discrimination who can prove employer liability, it is obvious that Ms. Nolan has an actual financial stake in the outcome of this suit. *EEOC v. E. Air Lines, Inc.,* 97 F.R.D. 646, 649 (S.D. Fla. 1983) The courts have routinely held that this gives the individual claimant an interest in the lawsuit. The type of "interest" necessary to sustain intervention as of right must be one that is "direct, substantial and legally protectable."  *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.* 425 F.3d 1308,1311 (11th Cir. 2005). In addition, here Ms. Nolan possess the right to complain of discrimination without fear of retaliation, an interest that the EEOC has not moved to protect.  Ms. Nolan clearly has the requisite interest in the outcome of this case.

(3) & (4) <u>Disposition of this action without Diane Nolan may impede or impair her ability to protect her interests which interests are inadequately represented  by the existing parties to the suit.</u>

9

Once the instant suit was filed, Diane Nolan may have lost the right to pursue a separate, private ADEA action against Fischer Connectors. Section 7(c)(1) of the ADEA provides "that the right of any person to bring [an ADEA] action shall terminate upon the commencement of an action of the [EEOC] to enforce the right of such employee under this chapter."  The cases that have interpreted § 7(c)(1) of the ADEA have determined that an individual's private ADEA suit is not viable following the EEOC's entry into litigation concerning the same controversy. *EEOC v. Eastern Airlines, Inc.*, 736 F.2d 635, 638-39 (11th Cir. 1984). Because Ms. Nolan did not file an individual lawsuit under the ADEA in Court *before* the EEOC filed the instant action (as she never received the requisite Notice of Right to Sue letter), she may not now be permitted to bring her own such action.

The fact that Ms. Nolan may be unable to pursue her own suit gives her the basis for intervention as well. This is a significant practical impairment of Ms. Nolan's rights, as she wishes to assert a claim for retaliation against the Defendant Company in addition to the discrimination claim raised in this case. The EEOC did not assert a retaliation claim on Ms. Nolan's behalf in the instant action, despite the fact that her charge of discrimination filed with the agency asserted such a claim.  If she is not allowed to intervene here, Ms. Nolan will lose the ability to assert that

her termination was the result of both age discrimination and retaliation against her for repeatedly exercising her rights under the ADEA by explaining to the Swiss President that in the United States the laws prohibited  discrimination against employees due to their age.  Here, if Diane Nolan is precluded from intervening in this matter she may forever lose her right to pursue a retaliation claim, which claim has a far easier standard of proof than the discrimination claim.

Additionally, there is a very real concern here that if Ms. Nolan is not permitted to join this action, the action will nevertheless result in *res judicata* or issue preclusion for her even if she were able to pursue her own litigation, because the actions of which Ms. Nolan complains are part of the same plan or scheme that is alleged by the EEOC here, namely a plan to replace the oldest managers with younger employees.  In *Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004), the Eleventh Circuit reversed a denial of both mandatory and permissive joinder in an age discrimination suit filed by a bank manager alleging that the bank had instituted a plan under which older employees were to be demoted or subjected to other adverse employment actions. *Id*. Some other employees injured by the same policy sought to intervene. *Id*. at 1308. The Eleventh Circuit held that because there was only a single policy at issue, one court's ruling on whether the bank's policy, as a matter of law, was in violation of

11

the ADEA could influence later suits. In other words, under *stare decisis* an action without the intervenors  could impair their ability to protect their interests. "[T]he potential for a negative stare decisis effect 'may supply that practical disadvantage which warrants intervention of right.'" 371 F.3d 1305, 1309-10 (11th Cir. 2004) (quoting *Chiles v. Thornburgh,* 865 F.2d 1197, 1214 (11th Cir. 1989)). For these reasons, the Eleventh Circuit Court of Appeals granted intervention. *Id.*, 371 at 1309-10.

The EEOC's dual role in vindicating the rights of employees and protecting the public interest "may not always dictate precisely the same approach to the conduct of the litigation," as an individual claimant.  *Trbovich v. United Mine Workers of America*, 404 U.S. 528 at 538, 539 (1983). Here, as already mentioned, the EEOC failed to bring suit against Fischer Connectors for retaliating against Ms. Nolan.

In dictum in *Trbovich*, 404 U.S. at 538, 539 (1983), the Supreme Court noted that an applicant for intervention has a minimal burden in showing that the representation of his interest may be inadequate. And in *Stone*, the Eleventh Circuit confirmed that interveners need only show that the current plaintiff's representation <u>may</u> be inadequate, and the burden for making such a showing is minimal.  371 F.3d at 1307. Ordinarily intervention should be allowed unless it is clear that the party will provide adequate representation for the purported intervenor.  While Ms. Nolan does not contend that the EEOC cannot adequately represent the Agency's interest, the

absence of her own counsel to represent her interests and the absence of a cause of action for retaliation makes clear that the prosecution of this case without her is clearly inadequate in protection her rights. Notably, the Eleventh Circuit Court of Appeals has instructed that "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Savings and Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 216 (11th Cir. 1993*).*

### B.   DIANE NOLAN IS ENTITLED TO INTERVENTION AS OF RIGHT

Permissive intervention pursuant to Rule 24(b)(2) is appropriate "where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. *Mt. Hawley Ins. Co., supra.,* 425 F.3d 1308, at 1312 (citing *George v. U.S. Army Corp. Of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002). A court may allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). Here the EEOC's ADEA claim arises from the termination of Diane Nolan's employment as part of a plan or scheme to terminate its older managers and replace them with younger individuals. Ms. Nolan wishes to add a retaliation claim under the ADEA because she believes that both her age and her refusal to go along with the plan to

13

violate the ADEA and instead advocating for equal treatment of all employees regardless of age were the reasons for her termination. It is clear that the EEOC's claims and Ms. Nolan's claims involve the same parties, mostly the same witnesses, and common questions of fact and law.  Ms. Nolan has not delayed in bringing her Motion to Intervene, and Fischer Connectors cannot show any prejudice by allowing Ms. Nolan to intervene. Intervention is appropriate here.  *See EEOC  v. Walker Cty. Bd. Of Educ.*, 6:10-CV-02626-LSC, 2011 U.S. Dist. Lexis 168411(N.D. Ala. February 1, 2011). Moreover, "any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all disputes in a single action." F*ed. Sav. & L*o*an Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

**WHEREFORE,**  Ms. Nolan, respectfully requests that she be added as a Plaintiff-Intervenor in this lawsuit and that she be permitted to file the attached Complaint of Intervenor Diane Nolan.

This 9th day of December, 2022.                  By/s/Debra Schwartz
                                                 Debra E. Schwartz
                                                 Georgia Bar No. 631035
                                                 James Rollins, Jr.
Schwartz Rollins LLC                             Georgia Bar No. 613825
3523 Habersham at Northlake
Tucker, GA 30084
des@gaemploymentlawyers.com
jer@gaemploymentlawyers.com